IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 29, 2011

## STATE OF TENNESSEE v. JARVIS NICHOLS

**Direct Appeal from the Circuit Court for Blount County**
**No. C-15120    David R. Duggan, Judge**

---

**No. E2010-01841-CCA-R3-CD - Filed May 23, 2011**

---

The defendant, Jarvis Nichols, appeals the judgment of the Blount County Circuit Court, revoking his probation and imposing service of the remainder of his sentence in confinement. In this appeal, the defendant argues that the trial court abused its discretion in ordering service of the balance of the sentence in confinement when less severe sanctions were available. Upon a thorough review of the record and the parties' briefs, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee, and Mack Garner, District Public Defender (at trial) Maryville, Tennessee, for the appellant, Jarvis Nichols.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Andrew Watts, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### Facts

On April 14, 2008, the defendant pled guilty to one count of evading arrest. In exchange for his plea, the trial court sentenced the defendant to two years, with sixty days in confinement and the balance to be served on supervised probation. On August 6, 2008, the probation officer filed a probation violation, alleging that the defendant used marijuana, failed to follow the drug treatment plan, and failed to make the required monthly payments

on court costs and fines. The trial court issued a probation revocation warrant on August 8, 2008. On January 27, 2009, the court held a revocation hearing, and the defendant stipulated to the facts alleged in the violation report. Upon finding that the defendant violated his probation, the court revoked the probation and ordered the defendant to serve 120 days in the Blount County Jail before returning to supervised probation.

On September 3, 2009, the probation officer filed a second violation, alleging that the defendant was charged with aggravated assault, failed to report his arrest to his probation officer, repeatedly failed to report to his probation officer, failed to provide proof of employment, failed multiple drug screens, and failed to make the monthly payments on court costs and fines. The trial court held a revocation hearing on November 2, 2009, and the defendant again stipulated to the facts alleged in the violation report. The court revoked the defendant's probation and ordered him to serve his agreed-upon sentence. On January 8, 2010, the defendant was released on probation.

On June 16, 2010, the trial court issued the most recent probation violation warrant, following allegations that the defendant failed to report to his probation officer, tested positive for marijuana use on February 24, 2010, failed to pay court costs, and engaged in assaultive, abusive, threatening, or intimidating behavior.

On August 13, 2010, the trial court held a probation violation hearing. The defendant's most recent probation officer testified that he began supervising the defendant in April, 2010. The defendant failed to report once a month as required. According to the probation officer's notes, the defendant last reported in February, 2010, until his arrest on July 20, 2010. On February 24, 2010, the defendant tested positive for marijuana. The probation officer sent the defendant a demand letter and attempted to contact him by telephone several times. As of July 21, 2010, the defendant had an outstanding balance of $975 in fees and fines. The probation officer recommended that the defendant's probation be revoked.

The defendant testified that he was thirty-one years old, single, with a twelve-year-old child who lived with the child's mother. After being released from prison on January 8, 2010, the defendant lived with his mother in Madisonville. He worked as a roofer, but business was slow in the winter months. The defendant testified that he understood he was required to report to his probation officer once a month, and he reported in January and February. The defendant admitted that he testified positive for marijuana in February. However, the defendant told his probation officer that he smoked marijuana while he was in prison, and it was still in his system. His probation officer told him to come back for another drug screen the following month. The defendant admitted that he failed to report in March, but he stated that he was scared to go back to his probation officer because his girlfriend's

mother "didn't like [him] so she was calling down there and telling a bunch of lies on [him]." The defendant testified that he was afraid that his probation officer would not be fair, so he stopped reporting. According to the defendant, he had not used marijuana since his most recent release from prison. He also stated that he was still employed as a roofer. The defendant testified that he could obey the rules of probation if given one more chance. He stated that he was "tired of going in and out of jail" and would "like to make something of [himself] and do the right thing for a change."

After the hearing, the court found that the defendant had violated his probation by failing to report to his probation officer as directed and failing to pay supervision fees and court costs. However, the court declined to find that the defendant used marijuana, given the defendant's claim that the positive drug test was a result of his marijuana use while he was incarcerated. Pursuant to an order dated August 13, 2010, the court revoked the defendant's probation and ordered him to serve the sentence as previously ordered. The defendant filed a timely notice of appeal on August 30, 2010.

**Analysis**

On appeal, the defendant challenges the revocation of his probation. Although the defendant concedes that he is guilty of violating his probation, he argues that the trial court abused its discretion in ordering that the defendant serve the balance of his sentence in confinement, when less severe sanctions were available.

The decision to revoke probation lies within the sound discretion of the trial court. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). The trial court may revoke probation upon a finding by a preponderance of the evidence that the defendant violated the conditions of his or her probation. *See* Tenn. Code Ann. §§ 40-35-310,-311(e)(2006); *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court finds that the defendant has violated probation, the court may revoke probation and either order incarceration, order the probationary period to begin anew, or extend the remaining probationary period for up to two additional years. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999); *see also* Tenn. Code Ann. §§ 40-35-308, -310, -311 (2006). When probation is revoked, then the original judgment "shall be in full force and effect from the date of the revocation of such suspension . . ." Tenn. Code Ann. § 40-35-310.

The decision of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. *Harkins*, 811 S.W.2d at 82. If the trial court has exercised "conscientious judgment in making the decision rather than acting arbitrarily," then there is no abuse of discretion. *Leach*, 914 S.W.2d at 107. Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation

has occurred. *Harkins*, 811 S.W.2d at 82; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

There is ample evidence that the defendant repeatedly violated the terms of his probation. According to the probation violation reports, the defendant failed to report to his probation officer, engaged in assaultive behavior, failed multiple drug screens, and failed to make necessary payments on court costs and fines. In fact, the defendant testified under oath that he admitted to all allegations contained in the probation violation reports. Therefore, the record supports the trial court's findings. Accordingly, we conclude that the trial court did not abuse its discretion in revoking the defendant's probation and ordering him to serve the balance of his sentence in confinement.

## Conclusion

Based upon the record as a whole, we affirm the judgment of the trial court.

_____

J.C. McLIN, JUDGE